Dear Ms. O'Bannon:
Please be advised that the office of the Attorney General is in receipt of your opinion request regarding the following questions:
 (1) What effect, if any, does Louisiana R.S. 46:1413(F) have on prosecutorial or judicial immunity? (i.e. Will prosecutorial or judicial immunity shield prosecutors and judges from liability as a result of any action or failure to act under this statute, or are such actions or failures to act not contemplated by the immunity?)
 (2) Is the statute applicable to a defendant who has received a first offender pardon?
 (3) Is the statute applicable to a defendant who was not advised of the requirements at the time of the defendant's guilty plea?
Louisiana R.S. 46:1413(F) states in pertinent part: "No felon shall be employed in a Class B child care facility, unless approved in writing by a district judge of the parish and the local district attorney."
Louisiana jurisprudence on judicial immunity mirrors the federal doctrine. According to the doctrine of judicial immunity under L.S.A.-R.S. 9:2798.1, a judge is entitled to absolute immunity from liability for acts he performs in his judicial role which are integral to the judicial process. Furthermore, in Amato v. Office of LouisianaCommissioner of Securities,644 So.2d 412, (La.App. 4 Cir. 1994), the court stated that although judicial immunity does not attach to an administrative act as opposed to judicial act, the question of whether an act is judicial in character does not depend on whether it is discretionary or ministerial.
Under Louisiana R.S. 46:1413(F), great discretion is given to district judges and the local district attorney on whether to assist a convicted felon in the area of employment. Because this is in fact a discretionary act in their judicial capacity, "liability shall not be imposed based upon the exercise or performance or the failure to exercise or perform (these) discretionary acts." See L.S.A.-R.S. 9:2798.1.
Likewise, district attorneys, in their official capacities, retain certain immunities that mirror the federal doctrine. First is absolute immunity, which protects a person from being sued in connection with his duties. Second is qualified immunity, which protects an official from liability unless the official clearly violates an established statutory or constitutional right. The court in Lucas v. Parish of Jefferson,999 F. Supp. 839, (E.D.La. 1998), clarified when to apply each type of immunity afforded to prosecutors by stating:
 . . . whether a person is entitled to absolute immunity depends less on his particular job title and more on the specific tasks he executed that are being challenged. Under this rationale, a person, such as a prosecutor, could have absolute immunity for some of his conduct but only qualified immunity for other of his job-related activities.
Even though this is a discretionary act that is not within the scope of his duties in pursuing a criminal prosecution, a decision on whether to write an approval letter on behalf of a felon is an act within his official capacity thus entitling him to qualified immunity.
Your second question arises out of Louisiana R.S. 15:572 which provides for first offender pardons to persons never previously convicted of a felony. In Verneco, Inc. v Fidelity Casualty Company of New York,219 So.2d 508, (La. 1969), the court discussed the application of this statute expressly stating that a pardon is an act of grace from the governing power and this privilege restores the rights that are forfeited on account of the offense. However, unlike a gubernatorial pardon, a first offender pardon does not restore the status of innocence, and thus is not equivalent to an acquittal or a dismissal of the prosecution. Therefore, it is the opinion of this office that a person convicted of a felony, who has received a first offender pardon, is still a previously convicted felon who shall be subjected to the requirements of LSA-R.S.46:1413(F).
Finally, your third question addresses LSA-C.Cr.P. Art. 556.1. which provides for the advisement of certain rights to a defendant who is entering into a plea of guilty. This process is commonly called a Boykin hearing and in this hearing a defendant is to be notified of the mandatory minimum penalty along with the maximum penalty possible provided by law. It does not provided that a defendant be notified of all effects, future and present, due to statutory restrictions the legislature has placed on convicted felons.
It is therefore the opinion of the Attorney General that judges have absolute immunity in all aspects of his judicial role, while prosecutors are only afforded qualified immunity unless their act deals with pursuing a criminal prosecution. Further, first offender pardons do not erase the fact of a conviction and subsequently the person will still be subjected to certain restrictions imposed by the legislature. Finally, there is no constitutional or statutory requirement that defendants be notified of all effects a plea of guilty will provide, including the requirement of approval by a district judge and the district attorney to be allowed employment in a Class B Day Care Facility.
I hope this opinion has been helpful. If I may be of further assistance, please do not hesitate to contact my office. With warmest regards, I remain
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: ___________________________ PEGGY T. GOODS Assistant Attorney General
PTG/ds
DATE RECEIVED:
DATE RELEASED: September 18, 2001